## WHEELER v. McVEY et al.

(Court of Civil Appeals of Texas. Dallas. March 7, 1914. Rehearing Denied March 28, 1914.)

1. HIGHWAYS (§ 159*)—STATE COURTS—JURISDICTION OF DISTRICT COURT OF TEXAS.

Where the commissioners' court revoked an order changing the course of a road, such revocation left the matter as if no order had ever been entered, and the district court has jurisdiction to entertain a suit to enjoin obstructions of the road.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 430, 431, 435; Dec. Dig. § 159.*]

2. DEDICATION (§ 16*)—WHAT CONSTITUTES.

Where plaintiff's predecessors in title and the adjoining owner gave strips of land for a road which was used by the public for more than 30 years, there was a valid dedication and acceptance.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 15–49; Dec. Dig. § 16.*]

3. HIGHWAYS (§ 6*)—ACQUISITION OF HIGHWAY—PRESCRIPTION.

Where the public used a way over the land of defendant's predecessors in title for more than 30 years, the public acquired a highway by prescription.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 8, 9; Dec. Dig. § 6.*]

Appeal from District Court, Delta County; A. P. Dohoney, Judge.

Action by Z. T. McVey and others against J. W. Wheeler. From judgment for plaintiffs, defendant appeals. Affirmed.

Sturgeon & Beauchamp, of Paris, Tex., and Bennett & Lane and Aubry T. Stell, all of Cooper, for appellant. Newman Phillips, of Cooper, and L. L. Wood, of Dallas, for appellees.

RASBURY, J. [1] Appellees filed suit in the court below alleging that appellant had obstructed a public road in Delta county at three separate places by erecting a fence across the same in as many places where the lands of appellees on the west and the lands of appellant on the east abutted upon said road, thereby depriving appellees of the use of same. Appellees prayed for a temporary mandatory writ of injunction, requiring the immediate removal of the fences and restraining appellant from interfering with the use of the road, etc., pending suit and for like permanent relief upon trial on the merits. Appellant met the averments of the petition by plea in abatement, reciting that the com-

missioners' court of Delta county in the exercise of its authority in such cases had discontinued the road between the points. named in the petition, which left the district court without authority in the premises. The plea in abatement was followed by the general issue and special plea averring that the road was never legally laid out and accepted as such, but that if it had been so laid out and accepted it had been discontinued and abandoned and a shorter route adopted. At trial, after the evidence had all been developed, the district judge peremptorily directed the jury to return verdict for appellees, which was done, and upon which judgment was entered permanently enjoining appellant as prayed, and from which this appeal was taken.

The first assignment of error relates to the refusal of the trial court to sustain appellant's plea in abatement. The evidence offered by appellant upon the hearing of the plea in abatement was a nunc pro tunc order of the commissioners' court of Delta county entered November 13, 1912, for an order that should have been entered February 12, 1900, changing the course of the road as claimed by appellant. As bearing on the plea, however, appellees offered the original order of February 12, 1900, which had in fact been recorded, but overlooked by appellant, and the commissioners' court, as well as another order entered February 17, 1900, revoking the first order changing the route of the road, thus leaving the matter as if no order of the commissioners' court affecting the road had ever been entered. Therefore, waiving all discussion of the soundness of appellant's contention, as well as any reference to collateral issues that would have a bearing upon the issue, the point is immaterial in view of the subsequent action of the commissioners' court, and presents no valid reason why the district court could not, in the exercise of a jurisdiction peculiarly its own, proceed as it did in the instant case if the facts warranted the same.

[2, 3] The second assignment of error attacks the action of the court in directing the verdict, asserting that the facts developed on trial in reference to the controversy were sharply conflicting and for that reason entitled to go to the jury for their determination. We shall not attempt to recite the testimony adduced by the various witnesses upon trial, but state in our own language the substance of the essential facts shown thereby. Approximately 30 years ago the road closed by appellant was in existence, being the road or route traveled by the public between the towns of Cooper and Pecan Gap, in Delta county; the road running northwest from Cooper. About midway between the towns is appellant's farm, which is in the shape of a square and which squares, as well, with the points of the compass (except that a small square of same out of the S. E. corner is now owned by Dock Harrison). Originally the road on its route from Cooper northwest to Pecan Gap touched appellant's land, now Harrison's, at the southeast corner, crossed it in a northwesterly direction, and left it at the northwest corner; the land at that time being uninclosed and belonging to Dan Jackson. About 25 years ago Jackson fenced the land. When he did so, he and the owners of the land adjoining and west of his tract (predecessors in title of appellees) agreed to give 20 feet off their respective tracts for road purposes, rendered necessary by fencing the Jackson tract. Acting upon the agreement, Jackson set his fence back 20 feet from his line, as did those west of him, and the trees, etc., occupying the space so dedicated were cut down and cleared away, and from that time the road has run the full length of the east side of the Jackson land from its southeast corner to its northeast corner, at which points it turns abruptly west until it reaches the point where it originally emerged from the Jackson land before it was fenced. When appellant bought the land from Jackson, the same was fenced, and the road was being used by the public for the purposes for which it was dedicated, though it does not appear that he knew, or did not know, that the road comprised part of the land he bought from Jackson. In 1900, appellant and others petitioned the commissioners' court of Delta county to disestablish the road, and in lieu of its then route arrange for same to run west from Jackson's southeast corner to his southwest corner, and thence north along his west line to his northwest corner, going in short south and west of the land to its northwest corner, instead of east and north to the same point. As we have said at another place, the commissioners' court did order the change, but rescinded the order five days later, as the result of protest. From the time of the dedication of the road by Jackson and his neighbors on the east, the road has been recognized by the public and the authorities of the county as a public highway, although most of the travel between the points named has recently gone the road south and west of the Jackson land, notwithstanding those abutting upon the road as originally dedicated have used same continuously in traveling to and from either Cooper or Pecan Gap, and to local points such as the community churches near the point where the road was obstructed. Appellant did, at the time and in the manner charged in the petition, obstruct and fence the road. The only testimony adduced contrary to the facts stated was of a negative character and at most only tended to show that, since the new road had been laid out, the greater portion of the travel went that way, the old road being used largely by those residing contiguous thereto, and that the county authorities had failed to appoint overseers for the same, etc., and that the citizens failed to request such appointments.

Under the facts stated, it occurs to us

there was no issue of fact to be determined by the jury, and that in applying the law to the undisputed facts the court committed no error. The facts related will support the action of the court and the judgment on the ground that there was a dedication of the road by the abutting property owners, including appellant's predecessor in title, followed by such continuous use by the public as bound all subsequent purchasers with notice thereof. Also, that the evidence is sufficient, if necessary to invoke that rule, to support the action of the court and the judgment on the ground that the public had acquired the road by prescription, and had done so before appellant acquired his land.

There being in this appeal no question of the correct application of the law relating to dedication or prescriptive use, it is unnecessary for us to cite authorities.

The judgment is affirmed.